IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Aaron Murphy, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | 3:18-cv-01077 |
| Wexford Health Sources, Inc., a | ) | |
| foreign corporation, and Dr. Vipin | ) | *(Judge Gilbert)* |
| Shah, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

Plaintiff, by counsel, amends his complaint by adding the documents required by 2-622 of the Illinois Code of Civil Procedure, as applied to federal civil actions in *Hahn v. Walsh*, 762 F.3d 617 (7th Cir. 2014), and alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343 and § 1367(a).

2. Plaintiff Aaron Murphy is a resident of the State of Illinois.

3. Plaintiff is not presently confined in any jail, prison, or other correctional facility.

4. Defendant Wexford Health Sources, Inc. is a foreign corporation that provides health care to prisoners in the Illinois Department of Corrections. Plaintiff asserts state and federal law claims against defendant Wexford.

5. To raise and preserve the issue identified by Judge Hamilton in his opinion in *Shields v. Illinois Department of Corrections*, 746 F.3d 782 (7th Cir. 2014), plaintiff asserts that defendant Wexford is liable under 42 U.S.C. § 1983 for the below-described wrongdoing of its employees under the doctrine of *respondeat superior*. Plaintiff acknowledges that the Seventh Circuit rejected this argument in *Hahn v. Walsh*, 762 F.3d 617 (7th Cir. 2014), and recognizes that this Court is required to follow that decision of the Court of Appeals.

6. Defendant Dr. Vipin Shah was at all relevant times a physician employed by defendant Wexford who provided medical services to prisoners at the Robinson Correctional Center ("Robinson").

7. A dentist at Robinson performed an extraction of plaintiff's upper left molar (#16) on May 4, 2016. Plaintiff does not raise any claim involving the extraction.

8. Plaintiff began to complain to medical staff on May 5, 2016 at Robinson about swelling of his mouth following the extraction.

9. On May 6, 2016, medical staff at Robinson observed swelling on both sides of plaintiff's face.

10. On May 7, 2016, medical staff at Robinson observed that plaintiff's tongue was swollen and that plaintiff could not open his mouth or move his jaw.

11. The symptoms plaintiff exhibited on May 6 and 7, 2016 were indicative of cellulitis (a diffuse inflammation of the connective tissue caused by a spreading bacterial infection just below the skin surface) that had the potential to migrate quickly down the fascial planes.

12. At all times relevant, the standard of care for symptoms of cellulitis of the sort plaintiff exhibited on May 6 and 7 was to start the patient on intravenously administered antibiotics.

13. As the result of the policies or widespread practices of defendant Wexford, a physician did not examine plaintiff until May 9, 2016.

14. Had a physician of ordinary professional competence examined plaintiff on May 6, 7, or 8, 2016, the physician would have recognized the symptoms of cellulitis and would have provided plaintiff with intravenously administered antibiotics or a similar intervention.

15. A physician examined plaintiff for the first time on May 9, 2016, when plaintiff was seen by Defendant Dr. Shah

16. Defendant Dr. Shah observed that plaintiff could not open his mouth, could not take medication through his mouth, and was experiencing extreme pain.

17. A physician of ordinary professional competence who examined plaintiff on May 9, 2016 would have recognized that plaintiff was exhibiting symptoms of cellulitis and that the infection was spreading to fascial spaces.

18. In May of 2016, the standard of care for a physician who was confronted with the symptoms exhibited by plaintiff on May 9, 2016 was to place the patient in a controlled medical environment where he could have been monitored by medical staff, started on intravenous antibiotics, and referred to an oral surgeon or a hospital as his condition dictated.

19. Defendant Dr. Shah should have, but did not, direct that plaintiff receive intravenously administered antibiotics, either at the Robinson infirmary or at a hospital.

20. Plaintiff's condition worsened and on May 11, 2016, he was sent from Robinson to Robinson Community Hospital and then to Carle Hospital in Champaign, Illinois.

21. Physicians at Carle Hospital diagnosed plaintiff with Ludwig Angina and performed several surgical procedures that saved plaintiff's

life but resulted in loss of sensation and permanent disfigurement of plaintiff's face and neck. Plaintiff does not raise any claim against Carle Hospital or any of its physicians.

22. Plaintiff remained at Carle Hospital for several weeks.

23. The treatment that Dr. Shah provided to plaintiff amounted to no treatment at all and thereby deprived plaintiff of rights secured by the Eighth and Fourteenth Amendments to the Constitution of the United States.

24. Because of express policies or a widespread practice of defendant Wexford, or, in the alternative, deliberate indifference or negligence of Wexford's employees, plaintiff did not receive intravenously administered antibiotics until May 11, 2016.

25. The delay in providing plaintiff with appropriate treatment until May 11, 2016 was caused by Dr. Shah and/or another Wexford employee or employees, and failed to meet the ordinary standard of care.

26. The delay also constituted deliberate indifference to plaintiff's serious medical needs.

27. As a result of the foregoing deliberate indifference to serious medical needs and the healing arts malpractice of defendant Shah and/or another employee or employees of defendant Wexford, plaintiff incurred

physical injury, endured great pain and suffering, and is permanently disfigured.

28. Defendant Wexford is jointly and severally liable for the healing arts malpractice of Dr. Shah.

29. Defendant Wexford is also liable for the healing arts malpractice of all other employees of defendant Wexford.

30. Plaintiff hereby demands trial by jury.

31. The documents specified in 2-622 of the Illinois Code of Civil Procedure, as applied to federal civil actions in *Hahn v. Walsh*, 762 F.3d 617 (7th Cir. 2014), are attached.

WHEREFORE plaintiff requests that judgment be entered against defendants for appropriate compensatory and punitive damages, and that the Court award attorney fees and costs and whatsoever other relief as may be appropriate.

/s/ <u>Kenneth N. Flaxman</u>
Kenneth N. Flaxman
ARDC No. 08830399
Joel A. Flaxman
200 South Michigan Ave. Ste 201
Chicago, Illinois 60604
(312) 427-3200
*Attorneys for Plaintiffs*

## Section 2-622 Certification

The undersigned, an attorney for plaintiff, certifies as follows:

1. I have consulted and reviewed the facts of the case with a health professional who I reasonably believe: (i) is knowledgeable in the relevant issues involved in the particular action; (ii) practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in the particular action; and (iii) is qualified by experience or demonstrated competence in the subject of the case.

2. The reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action.

3. I have concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action.

Dated: August 20, 2018

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman

Dear Mr. Flaxman:

I am an Internal Medicine physician licensed to practice medicine in all of its branches. I am also a Fellow of the American College of Physicians. My practice involves primary care of patients and I am familiar with the standard of care, methods, procedures, and treatments relevant to the issues presented by the care and treatment of Aaron Murphy while he was a prisoner at the Robinson Penitentiary from May 6, 2016 through May 11, 2016.

After reviewing the records, it is my opinion that there is reasonable and meritorious cause for the filing of an action against Dr. Shah.

The records provided to me show that a dentist at Robinson performed an extraction of Mr. Murphy's upper left molar (#16) on May 4, 2016. The records also show that Murphy began to complain about swelling of his mouth on May 5, 2016. On May 6, 2016, medical staff at Robinson observed swelling on both sides of Murphy's face and the next day they saw that his tongue was swollen and that he could not open his mouth or move his jaw.

Murphy should have been immediately examined by a physician. The delay (until May 9, 2016) before Murphy was examined by a physician fell below the standard of care for a patient displaying Murphy's symptoms

The symptoms Murphy exhibited on May 6 and 7, 2016 were indicative of cellulitis (a diffuse inflammation of the connective tissue caused by a spreading bacterial infection just below the skin surface) that had the potential to migrate quickly down the fascial planes.

Dr. Shah examined Murphy on May 9, 2016 and saw that Murphy could not open his mouth, could not take medication through his mouth, and was experiencing extreme pain. Dr. Shah prescribed penicillin VK and steroids. This treatment was inappropriate for a patient with Murphy's symptoms and fell below the standard of care.

Mr. Murphy was subsequently treated at Carle Hospital Ludwig Angina and received several serious surgical procedures.

In May of 2016, the standard of care for a physician who was confronted with the symptoms exhibited by Murphy on May 9, 2016 was to place the patient in a controlled medical environment where he could have been monitored by medical staff, started on intravenous antibiotics, and referred to an oral surgeon or a hospital as his condition dictated. Thus, Dr. Shah should have, but did not, direct that Murphy receive intravenously administered antibiotics, either at the penitentiary or at a hospital.

These departures from the ordinary standard of care in the treatment provided to Murphy caused him harm.

Dated: August 13, 2018

## CERTIFICATE OF SERVICE

The undersigned, an attorney for plaintiff, certifies that he mailed a copy of the foregoing to Wexford Health Sources, Inc., c/o Prentice Hall Corp., 801 Adlai Stevenson Drive, Springfield, IL 62703, by first class mail, postage prepaid, from 200 South Michigan Avenue, Chicago, Illinois 60604, this 21st day of August, 2018.

/s/ <u>Kenneth N. Flaxman</u>
Kenneth N. Flaxman
ARDC No. 08830399
Joel A. Flaxman
200 South Michigan Ave. Ste 201
Chicago, Illinois 60604
(312) 427-3200
*Attorneys for Plaintiffs*